# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

―――――――――――――――――――――――

In re KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and
AMERICAN OVERSIGHT,

*Petitioners.*

―――――――――――――――――――――――

No. 26-10503

―――――――――――――――――――――――

## PETITIONERS' EXPEDITED MOTION TO EXPEDITE
## CONSIDERATION OF PETITION FOR WRIT OF MANDAMUS

―――――――――――――――――――――――

Petitioners Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute") and American Oversight respectfully move this Court, pursuant to Federal Rule of Appellate Procedure 27, to expedite its consideration of their Petition for Writ of Mandamus filed on February 13, 2026. The Petition seeks an order directing the district court to stay proceedings pending this Court's resolution of Petitioners' appeals filed on December 23 and 29, 2025. *See United States v. Knight First Amend. Inst., et al.*, No. 25-14507, ECF Nos. 1, 2 (11th Cir. Dec. 29 & 30, 2025).

As the Petition explains, the central issue in those appeals is Petitioners' right of access to Volume II of Special Counsel Jack Smith's final report under the Freedom of Information Act, the common law, and the First Amendment. But in late January, former Defendants Donald J. Trump, Walt Nauta, and Carlos De Oliveira filed unopposed expedited motions requesting that the district court order permanent suppression and, in the case of Nauta and De Oliveira, destruction of all copies of the report. The Petition seeks a stay of district court proceedings in aid of this Court's appellate jurisdiction and to ensure that Petitioners' statutory, common law, and First Amendment rights of access to Volume II are not irretrievably lost. Petitioners asked the former Defendants and the United States to agree to stay proceedings in the district court until Petitioners' appeals were resolved, but they opposed any such

relief. Petitioners then sought a stay in the district court, but the court has not acted on Petitioners' motion.

Late last night, former Defendants filed a notice in the district court (attached hereto) urging the court to grant their motions to permanently suppress and destroy Volume II, notwithstanding the pending Petition and Petitioners' pending appeals, which divested the district court of jurisdiction over the issue of public access to Volume II. The notice, like the former Defendants' pending motions, invites the district court to nullify Petitioners' statutory, common law, and First Amendment rights of access to Volume II and thwart this Court's jurisdiction. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943). The risk that the district court will issue the order former Defendants seek and that the order will be carried out before this Court can resolve Petitioners' pending appeals is not theoretical. Former Defendants' notice underscores the urgent need for this Court's intervention.

## Conclusion

For the foregoing reasons, Petitioners respectfully request that this Court expedite its consideration of the Petition for Writ of Mandamus and direct the district court to stay proceedings pending this Court's resolution of Petitioners' appeals.

February 18, 2026                    Respectfully submitted,

                                        /s/ Scott Wilkens

David Buckner                         Scott Wilkens
Buckner + Miles                       Alex Abdo

2

2020 Salzedo Street
Suite 302
Coral Gables, FL 33134
(305) 964-8003

Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

*Counsel for Petitioner Knight First
Amendment Institute at Columbia
University*

 */s/ Loree Stark*
_____

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Ste. 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
(304)-913-6114
loree.stark@americanoversight.org

*Counsel for Petitioner American
Oversight*

## Certificate of Compliance

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 434 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: February 18, 2026                    */s/ Scott Wilkens*
                                            Scott Wilkens

**Exhibit A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | **Case No. 23-80101-CR CANNON/REINHART** |
| DONALD J. TRUMP, WALTINE NAUTA, and CARLOS DE OLIVEIRA, | |
| Defendants. | |

**FORMER DEFENDANTS' NOTICE REGARDING KNIGHT INSTITUTE'S AND
AMERICAN OVERSIGHT'S PETITION FOR WRIT OF MANDAMUS**

Former Defendants President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira respectfully submit this Notice regarding the Petition for Writ of Mandamus ("Petition") filed by Knight First Amendment Institute at Columbia University ("Knight Institute") and American Oversight in the United States Court of Appeals for the Eleventh Circuit.   A copy of the Petition is enclosed.[1]

Through their Petition, Knight Institute and American Oversight urge the Eleventh Circuit to issue a writ of mandamus directing this Court to stay *all proceedings* until the Eleventh Circuit resolves their appeals of this Court's December 22, 2025 Order Denying Non-Party Invention. *See* Petition at 1.   Knight Institute and American Oversight, who did not confer with or provide notice to counsel before filing the Petition, acknowledge that their Joint Motion to Intervene for the Purpose of Seeking a Stay of Proceedings, ECF No. 775, is also pending before this Court but

---

[1] Counsel for Knight Institute and American Oversight emailed the undersigned an "as-filed" (undocketed) copy of the Petition at 6:01 P.M. EST on Friday, February 13, 2026. Counsel received the enclosed copy by Notice of Docket Activity from the Eleventh Circuit at 5:37 P.M. EST on Tuesday, February 17, 2026.

1

argue that this Court is unlikely to grant the requested stay given its previous ruling and claim this Court did so "only after undue delay." Petition at 2 (cleaned up).

In hopes of creating some unfounded sense of urgency, Knight Institute and American Oversight emphasize that Mr. Nauta's and Mr. De Oliveira's pending Motion for an Order Permanently Prohibiting the Release of Volume II, ECF No. 774, includes a request for an order directing the destruction (*i.e.*, constitutional expungement) of all copies of Volume II. Petition at 1 (citing ECF No. 774 at 1, 12). They argue that *if* this Court deems it appropriate to order the destruction of Volume II, it will "effectively . . . thwart[]" the Eleventh Circuit's jurisdiction and "vitiate[]" their asserted access rights. *Id*. at 2. Knight Institute and American Oversight further allege that they would have "no ability to appeal the district court's order to prevent it being carried out"—seemingly overlooking their ability to seek emergency relief should such an order be entered. *Id*.

Knight Institute's and American Oversight's highly speculative and bombastic claims about the potential harms that could ensue without a stay of proceedings disregard clearly established legal standards governing stays and this Court's continuing authority to rule on the matters before it. *See* Fed. R. App. P. 8(a)(1); *Nken v. Holder*, 556 U.S. 418, 426 (2009); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (notice of appeal divests district court of its control over "those aspects of the case involved in the appeal"); *see also Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002) (appellate court has limited, provisional jurisdiction to determine whether district court erred in denying motion to intervene). In addition to this Court's jurisdiction over matters that are not directly involved in the appeal, it cannot be the rule that non-parties like Knight Institute and American Oversight may deprive a district court of its jurisdiction simply by seeking to intervene in a criminal case and appealing when properly denied. Such a

rule would create significant disruption in criminal proceedings and allow non-parties to effectively control district court dockets through strategic intervention attempts and appeals.

Enough is enough.   Former Defendants President Trump, Mr. Nauta and Mr. De Oliveira respectfully submit this Notice of the Petition and register their opposition to any stay of proceedings that would prohibit the Court from ruling on the motions pending before it.

Dated: February 17, 2025                    Respectfully submitted,

*/s/ Kendra L. Wharton*
Kendra L. Wharton
Fla. Bar No. 1048540
WHARTON LAW PLLC
k.wharton@whartonlawpllc.com
500 S Australian Ave, Ste 600-1139
West Palm Beach, FL 33401
(561) 247-5279
*Counsel for President Donald J. Trump*

*/s/ Richard C. Klugh*
Richard C. Klugh
Fla. Bar No. 305294
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
Telephone: (305) 536-1191
Facsimile: (305) 536-2170
rklugh@klughwilson.com
jenny@klughwilson.com
*Counsel for Waltine Nauta*

*/s/ Larry Donald Murrell, Jr.*
Larry Donald Murrell, Jr.
Florida Bar No. 326641
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: (561) 686-2700
Facsimile: (561) 686-4567
ldmpa@bellsouth.net
*Counsel for Carlos De Oliveira*

3

*/s/ John S. Irving, IV*
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW, Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Carlos De Oliveira*

**CERTIFICATE OF SERVICE**

I, Kendra L. Wharton, certify that on February 17, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

*/s/ Kendra L. Wharton*
Kendra L. Wharton