No. 26-10503

In the
United States Court of Appeals
for the Eleventh Circuit

In re KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and
AMERICAN OVERSIGHT,
*Petitioners.*

On Petition for Writ of Mandamus to the United States District Court for the
Southern District of Florida, No. 23-cr-80101 (Cannon, J.)

**PETITIONERS' RESPONSE TO RESPONDENTS'
NOTICE OF INTERVENING DISTRICT COURT ORDER**

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304) 913-6114
loree.stark@americanoversight.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Suite 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

*Counsel for Petitioner American Oversight*

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

David Buckner
Buckner + Miles
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner Knight First
Amendment Institute at Columbia
University*

Pursuant to the Court's February 26, 2026 Order, ECF No. 28, Petitioners Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute") and American Oversight respectfully submit this response to the Notice of Intervening District Court Order filed by Respondents on February 23, 2026, ECF No. 27.[1] Respondents assert incorrectly that these mandamus proceedings are rendered moot by the district court's February 23, 2026 orders permanently enjoining the release of Volume II of Special Counsel Jack Smith's final report, Dkt. 779, and denying Petitioners' motion to intervene, Dkt. 780. To the contrary, those orders confirm the need for mandamus relief to "confine [the district] court to a lawful exercise of prescribed jurisdiction," *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26 (1943), and to protect this Court's jurisdiction over Petitioners' pending appeals. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).

The Petition sought a stay of proceedings to prevent the district court's imminent adjudication of "unopposed" motions filed by the former defendants seeking the permanent suppression and destruction of Volume II. ECF No. 1-2 at 1–3. As Petitioners explained, a district court order directing the destruction of Volume

---

[1] "ECF" citations refer to the docket in this mandamus proceeding, *In re Knight First Amendment Inst. at Columbia Univ., et al.*, No. 26-10503 (11th Cir.). "Dkt." citations refer to the district court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.).

1

II would result in the irretrievable loss of their statutory, common law, and First Amendment rights of access to the report, and a permanent injunction barring Volume II's release would seriously damage Petitioners' access rights, because FOIA, the common law, and the First Amendment all guarantee a right of *timely* access to records that fall within their scope. *Id.* at 2, 14–15. At the time the Petition was filed, Petitioners had already moved to intervene in the district court to seek a stay of proceedings, making clear that their pending appeals divested the court of jurisdiction to adjudicate the former defendants' motions, but the court had not acted on Petitioners' motion and it seemed unlikely the court would consider their substantive arguments given that it denied their earlier intervention motions. *Id.* at 2–3.

Petitioners' concerns were well founded. Within days of the Petition being filed, the district court brushed aside concerns about this Court's review and oversight and its own loss of jurisdiction, adjudicated the former defendants' motions, and permanently enjoined Volume II's release. Dkt. 779 at 15.[2] As Petitioners feared, the district court's decision concerns several "aspects of the case involved in [Petitioners'] appeal[s]." *Griggs*, 459 U.S. at 58. Indeed, the entire

---

[2] The court denied Nauta and De Oliveira's request for "an order of destruction of Volume II," but did not disclaim the authority to issue such an order in the future. *Id.* at 15 & n.6. The court also denied Petitioners' second motion to intervene without explanation. Dkt. 780.

2

decision concerns the very question on appeal—whether Appellants have a public right of access to Volume II, a question the district court has now prejudged without any substantive input from Petitioners. And what is more, most of the justifications the district court gave for imposing a permanent injunction are arguments whose sufficiency Petitioners have challenged on appeal: that the report is the work product of an unconstitutionally appointed Special Counsel; that the report contains myriad references to nonpublic discovery material subject to a Rule 16 protective order; that the report contains material protected from disclosure by the attorney-client privilege and Rule 6(e); and that the report's release would be unfair to the former defendants because there was no adjudication of guilt following initiation of criminal charges. Dkt. 779 at 9–14.

If the district court had entered a stay of proceedings pending appeal, that would have mooted the Petition and protected this Court's jurisdiction, the eminently prudent and appropriate course given the absence of ***any*** pressing necessity to rule on the former defendants' motions. But the court declined to do so, instead "abus[ing] judicial power" by adjudicating the former defendants' motions notwithstanding the pending appeals. *Roche*, 319 U.S. at 27. The district court's conclusory assertion in a footnote that its permanent injunction order does not violate the *Griggs* divestiture rule is incorrect. Dkt. 779 at 7–8 n.4. The *Griggs* rule serves the fundamental purpose of ensuring that a hierarchically superior court has

exclusive authority to resolve a pending question and avoids "the confusion and waste of time" that result when two courts simultaneously assert authority over the same issue. *United States v. Diveroli*, 729 F.3d 1339, 1343 (11th Cir. 2013) (citation omitted). Pursuant to the *Griggs* rule, a district court retains jurisdiction to act in aid of the appeal, such as by issuing an injunction to maintain the status quo pending appeal, but here the district court did the opposite. *See id.* at 1341.

To protect the integrity of their pending appeals and avoid the confusion and waste of time the *Griggs* principle was designed to avoid, Petitioners will appeal the district court's denial of their second motion to intervene and will move to consolidate those appeals with their already-pending appeals. This will ensure that, if this Court holds that Petitioners' intervention in this case is proper, the Court will have before it both the original injunction and the newly minted permanent injunction barring public access to Volume II.

But in light of the district court's violation of the *Griggs* principle and its assertion of ongoing "inherent power" to bar public access to Volume II, Dkt. 779 at 14, this Court should, as the Petition requests, issue a writ of mandamus directing the district court to stay proceedings pending this Court's resolution of Petitioners' appeals. A stay is necessary to prevent the district court from taking any further action to obstruct this Court's appellate jurisdiction by, for example, ordering the destruction of Volume II or offering new justifications for the permanent

suppression of it. Notably, in issuing the permanent injunction, the district court made clear that it was ruling on some but not all of "the host of additional arguments against release of Volume II" offered by the former defendants. Dkt. 779 at 9.

## Conclusion

For the foregoing reasons, Petitioners respectfully request that this Court issue a writ of mandamus directing the district court to stay proceedings pending the Court's resolution of Petitioners' appeals.

March 2, 2026                                  Respectfully submitted,

 */s/ Loree Stark*                               */s/ Scott Wilkens*
Loree Stark                                    Scott Wilkens
Daniel Martinez                                Alex Abdo
Ronald Fein                                    Jameel Jaffer
American Oversight                             Knight First Amendment Institute at
1030 15th Street NW, B255                          Columbia University
Washington, DC 20005                           475 Riverside Drive, Suite 302
(304) 913-6114                                 New York, NY 10115
loree.stark@americanoversight.org              (646) 745-8500
                                               scott.wilkens@knightcolumbia.org

Barbara R. Llanes                              David Buckner
Gelber Schachter & Greenberg, P.A.             Buckner + Miles
One Southeast Third Ave., Suite 2600           2020 Salzedo Street, Suite 302
Miami, FL 33131                                Coral Gables, FL 33134
Tel: (305) 728-0950                            (305) 964-8003
bllanes@gsgpa.com

                                               *Counsel for Petitioner Knight First*
*Counsel for Petitioner American*              *Amendment Institute at Columbia*
*Oversight*                                    *University*

5