No. 26-10503-A

In the
United States Court of Appeals
for the Eleventh Circuit

In re KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and AMERICAN
OVERSIGHT,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court
for the Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

**RESPONDENTS' MOTION FOR LEAVE TO FILE REPLY**

Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
*Counsel for Respondent*
*Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
*Counsel for Respondent*
*Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave.,
Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Respondent*
*President Donald J. Trump*

# RESPONDENTS' MOTION FOR LEAVE TO FILE REPLY

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27-1, Respondents President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through undersigned counsel, respectfully submit this motion for leave to file a reply in response to Petitioners American Oversight's and Knight First Amendment Institute at Columbia University's ("Knight Institute") March 2, 2026 Response to Respondents' Notice of Intervening District Court Order. DE 29.[1]

## I. Factual and Procedural Background

On February 13, 2026, Petitioners American Oversight and Knight Institute filed a Petition for Writ of Mandamus with this Court, seeking an improper order directing the District Court to stay all proceedings in *United States v. Trump, et al.*, No. 23 Cr. 80101 (S.D. Fla.), pending this Court's resolution of Petitioners' intervention appeals in *United States v. Knight First Amend. Inst., et al.*, No. 25-14507 (11th Cir.). *See* DE 1 at 21.[2]

---

[1] "DE" citations refer to the docket in this mandamus proceeding, *In re Knight First Amendment Instit. at Columbia Uni., et al.*, No. 26-10503-A (11th Cir.). "D. Ct. Doc." citations refer to the District Court's docket in the underlying case, *United States v. Trump, et al.*, No. 23 Cr. 80101 (S.D. Fla.).

[2] This is Petitioners' second petition for mandamus against the District Court. The Court dismissed their first petitions for mandamus as moot on January 14, 2026. *See* Order of the Court, *In re Knight First Amend. Inst., et al.*, No. 25-13400 (11th Cir. Jan. 14, 2026).

Pending before the District Court at that time were Respondents' motions for an order permanently prohibiting release of Volume II of the Special Counsel's Final Report ("Volume II"), D. Ct. Docs. 772 & 774, and Petitioners' motion to intervene for the purpose of seeking a stay of all District Court proceedings. D. Ct. Doc. 775. The motion filed by Mr. Nauta and Mr. De Oliveira for an order prohibiting release of Volume II included an additional request for an order directing its destruction. *See* D. Ct. Doc. 774 at 12.

On February 18, 2026, Petitioners filed a motion to expedite consideration of the Petition for Writ of Mandamus. DE 10. The motion cited a hypothetical "risk that the district court will issue the order former Defendants seek and that the order [*i.e.*, an order of destruction] will be carried out before this Court can resolve Petitioners' pending appeals . . . ." *Id.* at 3.

On February 23, 2026, Respondents filed a Notice of Intervening District Court Order advising this Court that, earlier that day, the District Court had entered (1) an order granting Respondents' motions to permanently enjoin release of Volume II, while denying any additional relief, including an order of destruction, and (2) an order denying Petitioners' motion to intervene for the purpose of seeking a stay of all District Court proceedings. DE 27. In the Notice, Respondents stated that the Petition for Writ of Mandamus and motion to

2

expedite consideration have been mooted by the District Court's orders. *Id*. at 7-8.

On February 26, 2026, this Court ordered Petitioners to respond within seven days to the notice, and to explain whether the District Court's orders render their Petition for Writ of Mandamus moot. DE 28.

Petitioners filed a response on March 2, 2026, incorrectly contending that the District Court's February 23, 2026 orders "confirm the need for mandamus relief" in order to prevent the District Court from taking any further action to "obstruct" this Court's appellate jurisdiction by, for example, "ordering the destruction of Volume II or offering new justifications for the permanent suppression of it." DE 29 at 2, 5-6. In feigned support of this baseless proposition, Petitioners asserted that the District Court, when denying Mr. Nauta's and Mr. De Oliveira's additional request for an order of destruction "did not disclaim the authority to issue such an order in the future." *Id*. at 3 n.2. Petitioners further wrongly asserted that the District Court "abus[ed] judicial power" by adjudicating Respondents' motions, and challenged the District Court's jurisdictional analysis under *Griggs*. *Id*. at 4.

## II.  Grounds for Leave

A reply is warranted to address Petitioners' new, unfounded, and escalated contentions. Petitioners' response goes beyond the limited mootness

issue raised by Respondents' notice, and advances additional accusations and theories—including claims of obstruction of appellate jurisdiction and speculative assertions about some future destruction of Volume II—that Respondents should address in an orderly manner.

A reply will assist the Court in resolving the mandamus proceeding efficiently. Petitioners' response disputes mootness and asks this Court to issue a writ of mandamus directing the District Corut to stay any possible future proceedings until this Court resolves their intervention appeals. A short reply will help clarify the record and narrow the issues for disposition. Granting leave will not prejudice Petitioners because the proposed reply is limited in scope and directed at Petitioners' response.

### III. Conclusion

For the foregoing reasons, Respondents respectfully request that the Court grant leave to file the proposed Reply attached hereto as Exhibit A.

Dated:    March 4, 2026

By: /s/ Kendra L. Wharton
Kendra Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Respondent President Donald J. Trump*

<table>
<tr><td>

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Respondent Carlos De Oliveira*

</td><td>

/s/ Richard C. Klugh
Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
jenny@klughwilson.com
*Counsel for Respondent Waltine Nauta*

</td></tr>
</table>

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPESTYLE REQUIREMENTS**

I, Kendra L. Wharton, counsel for Defendant-Appellee President Donald J. Trump and a member of the Bar of this Court, certify, pursuant to Federal Rules of Appellate Procedure 27(d), 32(a), and 32(g), that the foregoing motion is proportionately spaced, has a typeface of 14 points, and contains 834 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

March 4, 2026

By:    /s/ Kendra L. Wharton
           Kendra L. Wharton

## CERTIFICATE OF SERVICE

I, Kendra L. Wharton, counsel for Respondent President Donald J. Trump and a member of the Bar of this Court, certify that, on March 4, 2026, the attached Notice was filed through the Court's electronic filing system. I certify that all participants in the case are registered users with the electronic filing system and that service will be accomplished by that system.

March 4, 2026

By: /s/ Kendra L. Wharton
　　　Kendra L. Wharton

7