# EXHIBIT A

No. 26-10503-A

In the
United States Court of Appeals
for the Eleventh Circuit

In re KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and AMERICAN
OVERSIGHT,

Petitioners.

On Petition for Writ of Mandamus to the United States District Court
for the Southern District of Florida, No. 23 Cr. 80101 (Cannon, J.)

**RESPONDENTS' REPLY IN RESPONSE TO PETITIONERS'
RESPONSE TO NOTICE OF INTERVENING DISTRICT COURT
ORDER AND IN FURTHER SUPPORT OF DISMISSAL**

Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
*Counsel for Respondent*
*Waltine Nauta*

John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave NW, Ste 200
Washington, DC 20006
*Counsel for Respondent*
*Carlos De Oliveira*

Kendra L. Wharton
WHARTON LAW PLLC
500 S Australian Ave,
Ste 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Respondent*
*President Donald J. Trump*

**RESPONDENTS' REPLY IN RESPONSE TO PETITIONERS' RESPONSE TO NOTICE OF INTERVENING DISTRICT COURT ORDER AND IN FURTHER SUPPORT OF DISMISSAL**

Respondents President Donald J. Trump, Waltine Nauta, and Carlos De Oliveira, by and through undersigned counsel, respectfully submit this reply in response to Petitioners American Oversight's and Knight First Amendment Institute at Columbia University's ("Knight Institute") March 2, 2026, Response to Respondents' Notice of Intervening District Court Order, and in further support of dismissal of the underlying mandamus petition.

## I. Introduction

Petitioners' Response to Respondents' Notice of Intervening District Court Order confirms that their mandamus petition should be dismissed. Petitioners' underlying Petition for Writ of Mandamus requested an improper order directing the District Court to stay all proceedings in order to prevent its adjudication of Respondents' then-pending motions, and to avert speculative harms, including possible destruction of Volume II of the Special Counsel's Final Report ("Volume II"). The District Court has now adjudicated those motions, entered an order maintaining already-existing protections against disclosure of Volume II, and expressly denied any additional requested relief, including an order of destruction. The District Court's resolution of the motions has therefore mooted Petitioners' mandamus petition.

## II. Applicable Law

Consistent with Supreme Court jurisprudence, the Eleventh Circuit treats mandamus as a "drastic and extraordinary" remedy, available in truly exceptional circumstances, "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017) (internal citations omitted).

Three conditions must be satisfied:

> First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires, thus ensuring that the writ does not replace the regular appeals process. Second, the petitioner must show that his right to issuance of the writ is clear and indisputable. Third, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014) (cleaned up).

This Court is reluctant to grant mandamus due to the potential for abuse: "Mandamus is not to be used as a subterfuge to obtain appellate review that is otherwise foreclosed by law." *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1258 (11th Cir. 2006) (quoting *In re BellSouth Corp.*, 334 F.3d 941, 951 (11th Cir. 2003)). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will

justify the invocation of this extraordinary remedy." *Shalhoub*, 855 F.3d at 1263 (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)).

Vitally, mandamus cannot issue where there is no "live controversy with respect to which the court can give meaningful relief." *L.E. v. Superintendent of Cobb Cnty. Sch. Dist.*, 55 F.4th 1296, 1300 (11th Cir. 2022); *see also De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003) (mootness is jurisdictional). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *In re Wallace*, 2026 U.S. App. LEXIS 4303, at *2 (11th Cir. Feb. 11, 2026) (dismissing mandamus petition as moot); *see also* Order of the Court, *In re American Oversight*, No. 25-13400 (11th Cir. Jan. 14, 2026) (dismissing Petitioners' mandamus petitions as moot "[i]n light of the district court's order").

### III. Argument

#### A. The Mandamus Petition Is Moot Because The District Court Has Already Ruled And Denied Destruction

Petitioners sought mandamus to prevent the District Court's "imminent adjudication" of Respondents' then-pending motions, and to prevent supposed

"irreparable harm" from a potential destruction order. DE 1 at 11, 22.[1] The District Court has now entered the order Petitioners sought to forestall and, critically, denied "an order of destruction of Volume II." D. Ct. Doc. 779 at 15.

Petitioners' destruction-based theory is therefore foreclosed by the District Court's express denial of that relief, and their requested stay of all proceedings pending appeal cannot retroactively prevent an order that has already been entered. *See Washington Metropolitan Area Transit Com. v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective and seeks to maintain the status quo pending appeal); *see also LabMD, Inc. v. FTC*, 678 Fed. Appx. 816, 819 (11th Cir. 2016) (stay pending appeal simply maintains the status quo).

### B. Petitioners' Rhetoric Concerning Obstruction And Abuse Is Not Grounded In The Record

Petitioners now baselessly accuse the District Court of "obstruct[ing] this Court's appellate jurisdiction" and "abus[ing] judicial power" by ruling on the then-pending motions. DE 29 at 4, 5. But the District Court expressly addressed its jurisdiction when ruling on the pending motions, and noted "there is no

---

[1] "DE" citations refer to the docket in this appeal, *United States v. Knight First Amendment Instit. at Columbia Univ., et al.*, No. 25-14507 (11th Cir.). "D. Ct. Doc." citations refer to the District Court's docket in the underlying criminal case, *United States v. Trump, et al.*, No. 23 Cr. 80101 (S.D. Fla.).

4

pending notice of appeal that divests this Court of jurisdiction to enter this Order." D. Ct. Doc. 779 at 7 n.4. The District Court further explained:

> The only pending notices of appeal on the docket concern the Court's December 22, 2025 Order Denying Non-Parties American Oversight and Knight First Amendment Institute's Motions to Intervene to Dissolve/Rescind the Court's January 21, 2025 Order. That order remains on appeal . . . , and nothing in this order purports to control those aspects of the case involved in that appeal.

*Id*. at 7-8 n.4 (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

The record does not support Petitioners' claims that the District Court acted to obstruct appellate review. *See In re Ford Motor Co.*, 471 F.3d at 1258 ("[T]he writ will not issue to correct a duty that is to any degree debatable . . ." (quoting *United States v. Denson*, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979))).

### C. Petitioners' "Future Destruction" And "New Justifications" Theory Is Exceptionally Speculative And Is Not A Basis For Mandamus

Petitioners attempt to argue in their Response that a stay of District Court proceedings is necessary to prevent the District Court from taking any further action "by, for example, ordering the destruction of Volume II or offering new justifications for the permanent suppression of it." DE 29 at 5-6. That argument is an extraordinary exercise in sanctionable conjecture that is not supported by

the District Court's rulings.² Indeed, the District Court has expressly denied destruction relief, which is not presently challenged, and Petitioners identify no concrete basis for presuming that there will be any future challenge or forthcoming motion for relief.

Rather, Petitioners have resorted to assertions that the District Court "did not disclaim authority to issue such an order in the future." DE 29 at 3 n.2. Mandamus is an extraordinary remedy. It does not issue to prevent remote, speculative, and conjectural future acts by a District Court that likely will never occur, especially because the District Court has already rejected them. *See Ga. Muslim Voter Project v. Kemp*, 918 F.3d 1262, 1267 (11th Cir. 2019) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent.").

---

² Respondents respectfully submit that dismissal is an appropriate sanction in this instance. At a minimum, Petitioners' claims have no reasonable factual basis, which is easily determined upon a basic review of the plain language in the District Court's order. *See In re AMTRAK "Sunset Ltd." Train Crash*, 136 F. Supp. 2d 1251, 1266 (S.D. Ala. 2001) (discussing courts' inherent power to issue sanctions, including dismissal, "to protect the orderly administration of justice and to preserve the dignity of the tribunal" (quoting *Kleiner v. First National Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985)).

### D. Petitioners' *Griggs* Argument Does Not Justify Mandamus On This Record

Petitioners incorrectly argue that their pending appeals divested the District Court of jurisdiction over all matters relating to Volume II, and that the District Court therefore somehow "abus[ed] judicial power" by adjudicating Respondents' motions by entering a permanent injunction. DE 29 at 4. However, Petitioners' own description of their appellate posture undercuts any claim that divestiture is so clear and indisputable that mandamus must issue. They acknowledge they were denied intervention and are pursuing appeals on that issue, including a forthcoming appeal of the denial of their second intervention motion. *See id.* at 5.

In the context of intervention appeals, the Eleventh Circuit applies an "anomalous rule" and has only limited "provisional jurisdiction to determine whether the District Court properly denied intervention." *United States v. Couch*, 906 F.3d 1223, 1225 (11th Cir. 2018) (cleaned up). "If the district court was correct in denying the motion to intervene, this court's jurisdiction evaporates and we must dismiss the appeal for want of jurisdiction." *Davis v. Butts*, 290 F.3d 1297, 1299 (11th Cir. 2002).

Consistent with the "general[] underst[anding] that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," the District Court retains jurisdiction over all other

matters that are not involved in the intervention appeals. *United States v. Muzio*, 757 F.3d 1243, 1251 (11th Cir. 2014) (quoting *Griggs*, 459 U.S. at 58).

Nothing about these authorities establishes the divestiture principle that Petitioners claim to invoke. *See* DE 29 at 3 ("Petitioners had already moved to intervene in the district court to seek a stay of proceedings, making clear that their pending appeals divested the court of jurisdiction to adjudicate the former defendants' motions . . . ."). Moreover, because mandamus requires a clear entitlement and is not available where the legal right is uncertain, Petitioners' contested divestiture theory cannot carry the heavy mandamus burden applicable in these proceedings. *See In re Snyder*, 2026 U.S. App. LEXIS 4909, at *2 (11th Cir. Feb. 18, 2026) ("The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable.").

## IV. Conclusion

For the foregoing reasons, the Court should dismiss the mandamus petition as moot and consider such other relief as the Court may deem appropriate, including the imposition of sanctions against Petitioners for their frivolous claims and statements.

Dated: March 4, 2026

By: /s/ Kendra L. Wharton
Kendra Wharton
WHARTON LAW PLLC
500 S Australian Ave., Ste. 600-1139
West Palm Beach, FL 33401
(561) 247-5279
k.wharton@whartonlawpllc.com
*Counsel for Respondent President Donald J. Trump*

/s/ John S. Irving, IV
John S. Irving, IV
SECIL LAW PLLC
1701 Pennsylvania Ave. NW,
Ste. 200
Washington, DC 20006
(301) 807-5670
jirving@secillaw.com
*Counsel for Respondent Carlos De Oliveira*

/s/ Richard C. Klugh
Richard C. Klugh
Jenny Wilson
KLUGH WILSON, LLC
40 N.W. 3rd Street, PH1
Miami, FL 33128
(305) 536-1191 (telephone)
(305) 536-2170 (facsimile)
rklugh@klughwilson.com
jenny@klughwilson.com
*Counsel for Respondent Waltine Nauta*