No. 26-10503

In the
United States Court of Appeals
for the Eleventh Circuit

In re KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY and
AMERICAN OVERSIGHT,
*Petitioners.*

On Petition for Writ of Mandamus to the United States District Court for the
Southern District of Florida, No. 23-cr-80101 (Cannon, J.)

**PETITIONERS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Loree Stark
Daniel Martinez
Ronald Fein
American Oversight
1030 15th Street NW, B255
Washington, DC 20005
(304)-913-6114
loree.stark@americanoversight.org

Scott Wilkens
Alex Abdo
Jameel Jaffer
Knight First Amendment Institute at
    Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
scott.wilkens@knightcolumbia.org

Barbara R. Llanes
Gelber Schachter & Greenberg, P.A.
One Southeast Third Ave., Ste. 2600
Miami, FL 33131
Tel: (305) 728-0950
bllanes@gsgpa.com

David Buckner
Buckner + Miles
2020 Salzedo Street
Suite 302
Coral Gables, FL 33134
(305) 964-8003

*Counsel for Petitioner American Oversight*

*Counsel for Petitioner Knight First Amendment Institute at Columbia University*

Pursuant to Federal Rule of Appellate Procedure 27 and Eleventh Circuit Rule 27–1, Petitioners Knight First Amendment Institute at Columbia University ("Knight Institute" or "Institute") and American Oversight respectfully submit this motion for leave to file a limited sur-reply in response to Respondents President Donald Trump, Waltine Nauta, and Carlos De Oliveira's Reply in Response to Petitioners' Response to Notice of Intervening District Court Order and in Further Support of Dismissal, ECF No. 32.[1] Petitioners request leave to file the sur-reply, attached as Exhibit A, for the limited purpose of addressing new arguments Respondents raise in their reply — including their accusation that Petitioners have made "frivolous claims and statements" warranting "imposition of sanctions," including dismissal of the Petition. *Id.* at 5–6 & n.2, 8.

I.   **Relevant Procedural History**

On February 13, 2026, Petitioners filed a Petition for Writ of Mandamus, asking this Court to direct the district court to stay proceeding pending resolution of Petitioners' appeals of the district court's denial of their motions to intervene. *See United States v. Knight First Amend. Inst., et al.*, No. 25-14507, ECF Nos. 1, 2, (11th Cir. Dec. 29 & 30, 2026). Shortly after, Petitioners moved this Court to expedite

---

[1] "ECF" citations refer to the docket in this mandamus proceeding, *In re Knight First Amendment Inst. at Columbia Univ., et al.*, No. 26-10503 (11th Cir.). "Dkt." citations refer to the District Court's docket in the underlying case, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla.).

consideration of this Petition, after Respondents filed a notice urging the district court to grant their motions to permanently suppress or destroy Volume II of the Jack Smith report. ECF No. 10 at 2, 7–9 (Feb. 18, 2026). Defendants and the United States opposed Petitioners' motion to expedite consideration of the Petition, ECF Nos. 24 & 26.

Two days later, the district court denied Petitioners' joint expedited motion to intervene, and permanently suppressed release of Volume II. *See* ECF No. 27–2, 27–3 (Feb. 23, 2026). Respondents gave notice to the court of these orders and suggested that the Petition was moot. *See* ECF No. 27–1.

After the Court asked Petitioners to respond to Respondents' notice, ECF No. 28–2, Petitioners responded, disagreeing that the Petition was moot and arguing that a stay is still necessary protect this Court's jurisdiction over Petitioners' pending appeals. ECF No. 29; *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam).

Yesterday, Respondents filed a proposed reply—which the Court granted and docketed his morning. *See* ECF No. 30 & 32. Respondents raise a number of new arguments, including the accusation that Petitioners engaged in "sanctionable" conduct warranting dismissal of the Petition. ECF No. 32 at 5–6 & n.2, 8.

2

## II. A Sur-Reply is Appropriate to Address Respondents' New Arguments and Accusations.

Though the decision to permit a sur-reply is "purely discretionary," it may be appropriate where "the movant raises new arguments in its reply brief." *First Specialty Ins. Corp v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation and internal quotations omitted) (discussing the appropriateness of sur-replies at the district court level).

That is the case here. A sur-reply is warranted to address new arguments Respondents raise in their reply — including their accusation that Petitioners have made 'frivolous claims and statements' warranting 'imposition of sanctions,' including dismissal of the petition. ECF No. 32 at 5, 6 & n.2, 8. A short sur-reply will aid the Court by allowing Petitioners to clarify the record and explain why the relief they seek remains necessary. Respondents will not be prejudiced by this short sur-reply, which is limited to addressing the new arguments they make in their reply. With the filing of the proposed sur-reply, Petitioners are hopeful that the Court will be prepared to rule.

## III. Conclusion

For the foregoing reasons, Petitioners respectfully request that this Court grant Petitioners leave to file the proposed Sur-Reply, attached as Exhibit A.

March 5, 2026                                          Respectfully submitted,

| | |
|---|---|
| */s/ Loree Stark* | /s/ Scott Wilkens |
| Loree Stark | Scott Wilkens |
| Daniel Martinez | Alex Abdo |
| Ronald Fein | Jameel Jaffer |
| | Knight First Amendment Institute at Columbia University |
| American Oversight | |
| 1030 15th Street NW, B255 | 475 Riverside Drive, Suite 302 |
| Washington, DC 20005 | New York, NY 10115 |
| (304)-913-6114 | (646) 745-8500 |
| loree.stark@americanoversight.org | scott.wilkens@knightcolumbia.org |
| | |
| Barbara R. Llanes | David Buckner |
| Gelber Schachter & Greenberg, P.A. | Buckner + Miles |
| One Southeast Third Ave., Ste. 2600 | 2020 Salzedo Street |
| Miami, FL 33131 | Suite 302 |
| Tel: (305) 728-0950 | Coral Gables, FL 33134 |
| bllanes@gsgpa.com | (305) 964-8003 |
| | |
| *Counsel for Petitioner American Oversight* | *Counsel for Petitioner Knight First Amendment Institute at Columbia University* |

4

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 665 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in 14-point Times New Roman font, a proportionally spaced typeface.

Dated: March 5, 2026                             */s/ Scott Wilkens*
                                                  Scott Wilkens

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated: March 5, 2026                             */s/ Scott Wilkens*
                                                                Scott Wilkens