# In the

# United States Court of Appeals

## For the Eleventh Circuit

---

No. 26-10503

---

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY,
AMERICAN OVERSIGHT,

*Petitioners.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC-1

---

Before JORDAN, LUCK, and BRASHER, Circuit Judges.

BY THE COURT:

Before the Court is a petition for a writ of mandamus filed
by Petitioners Knight First Amendment Institute at Columbia Uni-
versity and American Oversight, requesting that this Court issue a

writ of mandamus directing the district court to stay proceedings pending resolution of their appeal, in no. 25-14507.

Respondents suggest that this petition is moot in light of the district court's February 23, 2026 orders. "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* "The burden of establishing mootness rests with the party seeking dismissal." *Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen*, 586 F.3d 908, 916 (11th Cir. 2009). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. . . . . As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation marks and citations omitted)). After review, the Court determines that the petition is not moot.

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014) (quotation marks omitted). A petitioner is entitled to the writ only if: (1) he has "no other adequate means to attain the relief he desires"; (2) he has a "clear and indisputable . . . right to issuance of the writ"; and

(3) the issuing court determines, in the exercise of its discretion, that the writ is appropriate under the circumstances. *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1265 (11th Cir. 2021). The petitioner has the burden of showing that the petitioner has no other avenue of relief and that the right to relief is clear and indisputable. *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989).

Petitioners have not met that burden here, as they have not shown that they have no other adequate means to attain the relief they seek. Accordingly, the petition is DENIED. The motion to expedite is DENIED AS MOOT.

JORDAN, Circuit Judge, concurring.

I agree that we should deny the mandamus petition but do so on the understanding that the district court will not enter any order directing, permitting, or allowing the destruction of Volume II while the petitioners' appeal is pending in No. 26-10674.